Per Curiam.

This is an action in prohibition instituted in this court by J. Earl Pratt, individually and as trustee, against Warren S. Earhart, as Judge of the Court of Common Pleas of Lawrence County and individually, to prohibit the judge from enforcing an order he made on September 2, 1955, in a divorce action by Nellie Pratt against Arno Pratt, numbered 33535 on the docket of the Court of Common Pleas of Lawrence County, whereby Arno Pratt was ordered to deliver certain of his shares of stock in the Chesapeake Telephone Company to Nellie Pratt, upon a finding that such shares of stock were transferred by Arno Pratt to J. Earl Pratt as trustee after the commencement of the divorce action and without the knowledge and consent of Nellie Pratt, and that such transaction was illegal and void.
The petition herein alleges that “onor about August 1,1954, an affidavit of prejudice was filed against Warren S. Earhart in said divorce action and that a hearing was had before Chief Justice Carl V. Weygandt [of the Supreme Court of Ohio] and said affidavit was overruled; that thereupon a petition for writ of mandamus was filed in the Supreme Court of Ohio to require Judge Weygandt to assign another judge to hear the divorce case of Nellie Pratt against Arno Pratt.”
*481 The petition alleges further that a temporary writ of mandamus was issued by the Supreme Court of Ohio, directing Chief Justice Weygandt to order Judge Earhart to refrain from proceeding with the divorce action until the further orders of this court; and that Judge Earhart had actual notice of the entry of such order in the Supreme Court.
The petition alleges also that the order of September 2, 1955, in the Court of Common Pleas of Lawrence County is void for the reason that Judge Earhart has no jurisdiction to proceed in the divorce action before the final determination of the mandamus action against Chief Justice Weygandt.
A demurrer has been filed to the petition, on the ground “that said petition does not set forth facts showing any right of the relator to a writ of prohibition.” We think the demurrer is well taken.
It appears from the petition, and it is a fact, that Judge Earhart is the duly elected, qualified and acting Judge of the Court of Common Pleas of Lawrence County, which court has jurisdiction over the divorce case.
The petition does not show that, at the time Judge Earhart made the order of September 2, 1.955, there was any inhibition against his proceeding with the divorce case. He was not made a party to the mandamus action against Chief Justice Weygandt, and the petition does not aver that any order of any kind or from any source had been made on Judge Earhart to desist from proceeding with the divorce action.
It is not alleged that J. Earl Pratt is a party to the divorce case, and if he is not such a party no order can be made in that action which can affect him.
J. Earl Pratt, being a stranger to the divorce action, is not in a position to come into this court by way of ■ an original action in prohibition asking that Judge Earhart be ordered to forebear from enforcing an order made in the divorce action solely against a party thereto.
If at some future time J. Earl Pratt individually or as trustee or both finds himself a party to an action and later should become an aggrieved party, he would undoubtedly have a right to protect himself by resorting to an available remedy in the ordinary and usual course of the law.
*482 The demurrer to the petition is sustained and the petition dismissed.

Demurrer sustained and petition dismissed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.
Weygandt, C. J.? not participating.